EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José Raúl Méndez Marrero | 2015 TSPR 68 <br><br> 192 DPR ____ |

Número del Caso: TS-4,876

Fecha: 10 de abril de 2015

Programa de Educación Jurídica Continua:

        Lcda. Geisa Marrero
        Directora Ejecutiva

Materia: Conducta Profesional- La suspensión del abogado será efectiva el 14 de abril de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Raúl Méndez Marrero                    TS-4,876

PER CURIAM

San Juan, Puerto Rico, a 10 de abril de 2015.

Nuevamente nos vemos forzados a suspender a un abogado por su incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC).

**I**

El Lcdo. José Raúl Méndez Marrero fue admitido al ejercicio de la abogacía el 5 de septiembre de 1975.[1] En el 2009, el PEJC envió al abogado un *Aviso de Incumplimiento* mediante el cual le concedió 60 días para que tomara los cursos de educación jurídica continua que adeudaba a la

---

[1] El Lcdo. José Raúl Méndez Marrero fue admitido a la notaría el 28 de octubre de 1975. Posteriormente, el abogado informó su intención de cesar voluntariamente la práctica de la notaría debido a su traslado al estado de New York. El 29 de agosto de 1986 autorizamos su solicitud.

fecha. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó al licenciado Méndez Marrero una citación para una vista informal. La carta se envió al estado de New York, a la dirección del abogado que surgía del Registro Único de Abogados de Puerto Rico (RUA). No obstante, el abogado no compareció a la vista informal.

El 10 de octubre de 2014, la Directora del PEJC presentó ante este Tribunal un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, en el que notificó que el licenciado Méndez Marrero no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.[2] El 31 de octubre de 2014, emitimos una resolución en la que concedimos 20 días al letrado para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Al día de hoy, el abogado no ha contestado.

## II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los profesionales del Derecho la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el propósito de asegurar que éstos provean una representación legal

---

[2] En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que el licenciado Méndez Marrero también incumplió con los períodos del 1 de agosto de 2009 hasta el 31 de julio de 2011 y del 1 de agosto de 2011 hasta el 31 de julio de 2013, pero añadió que el licenciado no fue citado a vista para dichos períodos.

adecuada a sus clientes. Conforme a lo anterior, el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados presenten ante la Junta de Educación Jurídica Continua (Junta) un *Informe de Cumplimiento* que demuestre que completaron un mínimo de 24 horas crédito para cada período de 2 años de duración.[3] El informe deberá ser completado en todos los casos, aun en aquellos que el abogado esté excluido o exento de los requisitos del Programa.[4] Recientemente, informamos a la comunidad legal sobre los múltiples mecanismos que están disponibles para cumplir con las exigencias del PEJC y explicamos el procedimiento administrativo que debe seguirse para solicitarlos.[5] Es norma reiterada que aquellos abogados que no cumplan con los requisitos del PEJC serán suspendidos de forma inmediata del ejercicio de la abogacía y la notaría.[6]

---

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] Regla 28 del Reglamento, *supra*.

[5] In re Jové Gotay, res. el __ de __ de 2015, 2015 TSPR __, __ DPR __ (2015); In re Sitiriche Torres, res. el 26 de marzo de 2015, 2015 TSPR __, __ DPR __ (2015).

[6] In re Jové Gotay, *supra*; In re Sitiriche Torres, *supra*; In re Prado Rodríguez, 190 DPR 361, 367 (2014); Villamarzo García, Ex parte, 190 DPR 443, 447 (2004).

## III

Del Informe presentado por el PEJC y del expediente que obra ante nuestra consideración, surge que el licenciado Méndez Marrero no solicitó un cambio a estatus inactivo en el Tribunal Supremo, no cumplió con los requisitos del PEJC para el período del 1 de agosto de 2007 al 31 de julio    de 2009 ni contestó los requerimientos de este Foro.  Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. José Raúl Méndez Marrero de la práctica de la abogacía en esta jurisdicción.  El licenciado Méndez Marrero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados.  De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente de resolución y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento

con todo lo anterior dentro del término de 30 días, contado

a partir de la notificación de la presente Opinión *Per*

*Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Raúl Méndez Marrero                    TS-4,876

SENTENCIA

San Juan, Puerto Rico, a 10 de abril de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. José Raúl Méndez Marrero del ejercicio de la abogacía.

El licenciado Méndez Marrero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta **(30) días,** contado a partir de

la notificación de la presente Opinión *Per Curiam* y Sentencia.

   **Notifíquese por correo certificado con acuse de recibo.**

   Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                                Secretaria del Tribunal Supremo